(No. 2469—

MARLOW CASE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 13, 1935.*
*Rehearing granted May 14, 1935.*

MARLOW CASE, pro se.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Marlow Case, claimant herein, was a member of Howitzer Company 130th Infantry, Illinois National Guard, on the 26th day of July, A. D. 1933, and was one of the men injured in the motor bus fire that occurred near Pana, Illinois, on that date. He files his claim herein pro se.

Claimant's Company had been engaged in active duty at Taylorville in Christian County, under orders of the Governor of this State, as Commander-in-Chief of the National Guard, to assist the sheriff of that county in maintaining peace during a strike then in progress among the coal miners of that county.

On the above date, the Company under command of Captain Edward G. Johnston, started on its homeward trip from Taylorville to Mt. Vernon, Illinois; transportation being furnished by the State of Illinois in two automobile buses chartered by the State through its Military Department from the Illinois Terminal Transportation Company. When about four miles northwest of Pana one of the buses caught fire and the flames spread so quickly throughout the interior of the bus No. 200, that the passengers were compelled to leap from the moving bus, thereby receiving not only serious burns, but other accidental injuries. First aid and hospital care was immediately given and the State, through the Adjutant General's office and under approval by this court, has made certain payments to various ones of the injured men, as will appear in the individual cases.

A military Board of Inquiry that met after the accident found that the injuries received by the various men were sustained in the line of duty as members of said Company, and that the injuries occurred through no fault or neglect on the part of any officer or enlisted man of the Illinois National Guard. The transportation company that owned the bus is, from the records, apparently a subsidiary of the North American Light & Power Company, which in turn is the parent company of the Illinois Power & Light Corp., and the Illinois Traction, Inc., and was granted a charter on the 15th day of November, 1930. The general offices are now located in the Mid-west Terminal Building, 12th and Lucas Streets, St. Louis, Missouri, according to investigation and reports made by the Illinois Commerce Commission, following the fire; and

the transportation company is indemnified to the extent of Fifteen Thousand Dollars ($15,000.00).

Private Marlow Case was seated directly back of the driver. He received the most severe scars and burns of any member of the Company except those who died as a result thereof. The reports of the Military Board and the written testimony of witnesses and the oral examination of Private Case in open court, disclose that his entire face is covered with scars with Keloid formation; both ears being burned so severely that they are merely vestigial. There is a bi-lateral retraction of the lids because of scars, preventing the closing of either eye. The Dorsum of each hand is covered with scars and Keloid formations preventing the flexing of the hands or their use in general physical labor. There were severe first, second and third degree burns on the legs and shoulders and the scalp above the right ear was burned, preventing the growth of hair above the right ear. Further medical reports estimate that claimant suffers a permanent partial disability of seventy-five per cent (75%), as a result of all the various injuries sustained. Oral proof and examination in open court disclose that because of the Keloid formation and burned eyelids and ears, claimant is seriously restricted, if not prevented, from obtaining any kind of position where the duties would depend upon contacts with the public in general. On the other hand, he cannot perform general physical labor because of the drawn and injured condition of both hands and his physical inability to withstand excessive heat.

Claimant is twenty-one years old, a high school graduate and had finished one year in Blackburn College. He was attempting to educate himself as a Professor in Agriculture and during his vacation periods he was engaged in active farm work. When engaged in such labor he earned from Two Dollars ($2.00) to Three Dollars ($3.00) a day. He is unmarried and had been a member of the Militia Company for about three years.

The Court of Claims is asked to adjust this claim under the provisions of *Section II, Article XVI,* of the *Military and Naval Code of Illinois,* which provides as follows:

"In every case where an officer or enlisted man of the National Guard or Naval Reserve shall be injured, wounded or killed while performing his duty as an officer or enlisted man in pursuance of orders from the Com-

mander-in-Chief, said officer or enlisted man, or his heirs or dependents, shall have a claim against the State for financial help or assistance and the State Court of Claims shall act on and adjust the same as the merits of each case may demand."

The claim filed by plaintiff states that medical, nursing and hospital fees amounting to One Thousand Three Hundred Eighty-six and 85/100 Dollars ($1,386.85) have been paid or assumed by the State for him. The record further discloses that from the date of the accident July 26, 1933, to February 22, 1934 the sum of Four Hundred Twenty Dollars ($420.00) has been advanced and paid to claimant through the office of the Adjutant General under authority of the Military Code; and since that time under approval by this court, further payments have been made which will aggregate approximately Five Hundred Fifty Dollars ($550.00) additional.

The Court of Claims is not definitely committed to the observance of the provisions of the Workmen's Compensation Act or any other specific guide in determining what awards shall be made in cases arising under the Military Code, but it has in many instances, followed the Compensation Act as a reasonable guide in such matters. The claim of Private Case appeals most strongly to the court. He is a young man, with splendid prospects for the future at the time of the accident in question. His previous earnings had been small compared to the probable returns in the work for which he was educating himself. His ability to support himself in the future is restricted to a minimum, and the medical record rates him as being seventy-five per cent (75%) disabled. Under the most liberal construction of the Compensation Act he could not be allowed more than Two Thousand Five Hundred Dollars ($2,500.00) under Section 8-B for temporary total incapacity; and a sum of One Thousand Eight Hundred Seventy-five Dollars ($1,875.00) for permanent partial disability, or a total of Four Thousand Three Hundred Seventy-five Dollars ($4,375.00), and in the ordinary Workmen's Compensation Case there would be deducted from this, the amount already paid of approximately Nine Hundred Seventy-five Dollars ($975.00). The court is of the opinion that the claimant's condition and the nature of his service are such that a more liberal award than one allowable under the Compensation Act is justified, and under authority of

the Military and Naval Code, such award should be made without regard to the amounts advanced through the Adjutant General's office. We believe such advancements should be continued until the award herein made is paid, and it is therefore ordered:

That approval is hereby entered for the continued payment through the Adjutant General's office and regular military channels of daily pay in the sum of Two Dollars ($2.00) per day to Private Marlow Case pending an appropriation by the Legislature of Illinois for the award hereinafter made; such payment to cease if and when a voucher in payment of said award is issued to said Marlow Case.

We further find that the merits of the claim of Marlow Case justify an award under the provisions of the Military and Naval Code of Five Thousand Dollars ($5,000.00) and we therefore make and recommend an award in his favor in said sum.

OPINION ON REHEARING.

MR. JUSTICE YANTIS delivered the opinion of the court:

This matter again coming before the court upon the application of claimant by E. G. Johnston, Capt. of the Mt. Vernon Howitzer Co., 130th Inf. for the allowance of further hospitalization to relieve claimant of partial effects from the injuries complained of, and the court being further advised in the premises, and it appearing from the further evidence herein that Marlow Case was examined on April 10, 1935 by Dr. V. P. Blair of St. Louis, Missouri, as per a report of the latter on file herein, and it being apparent that claimant's injuries may be relieved to some extent by further surgical treatment and hospitalization. -

IT IS HEREBY ORDERED, that this cause remain upon the docket of this court for the purpose of allowing an additional award for such expense if any, as may hereafter be shown to have been properly incurred in surgical treatment and hospitalization given to claimant for the purpose of effecting relief from the injuries and disfigurements herein complained of. This supplemental order shall not delay the payment of any award heretofore made herein.